UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROY BROWN<br><br>    Plaintiff<br><br>v.<br><br>LATIN AMERICAN MUSIC CO.<br><br>    Defendants | CIVIL NO.<br><br>COPYRIGHT INFRINGEMENT |

**COMPLAINT**

TO THE HONORABLE COURT:

Comes now Plaintiff, Roy Brown, through the undersigned attorney, and very respectfully state, allege and pray:

NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for Copyright Infringement.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1338 that grants district courts original jurisdiction of any civil action arising under any Act of Congress relating to copyrights.

3.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because this is the district in which defendant resides.

THE PARTIES

4. Roy Brown is a Puerto Rico composer, musician, singer and performer with address: PO Box 721, Mayagüez, Puerto Rico, 00681.

5. Defendant Latin American Music Co. (LAMCO) is a corporation organized under the laws of the Commonwealth of Puerto Rico with address at Ana Roque Duprey Street corner of Hija del Caribe, Unit 508, San Juan, Puerto Rico 00936-6714, and phone number 787-7580011.

THE FACTS

6. The Mechanical Licensing Collective (The MLC) is a nonprofit organization designated by the U.S. Copyright Office pursuant to the historic Music Modernization Act of 2018.

7. By law, it is deemed "created by copyright owners".

8. Among its tasks, the MLC must, "[e]ngage in efforts to identify musical works (and shares of such works) embodied in particular sound recordings, and to identify and locate the copyright owners of such musical works (and shares of such works)." 17 U.S.C. §115(d)(3)(C)(III).

9. The MLC began administering blanket mechanical licenses to eligible streaming and download services (digital service providers or DSPs) in the United States.

10. A blanket mechanical license grants permission to use any music from an entire specific catalog in exchange for a fee.

11. The MLC collects the royalties due under those licenses from the DSPs and pays songwriters, composers, lyricists, and music publishers.

12. Throughout his career, plaintiff Roy Brown has set various poems from known Puerto Rican poets to music, including poems by Juan Antonio Corretjer and Clemente Soto Vélez, among others.

13. Setting a poem to music is considered a derivative work under the Copyright Act. 17 U.S.C.§106.

14. Plaintiff owns the copyrights over the following works:

**14.1 AHORA ME DESPIDO** – was registered on February 21, 1980, as part of the Aires Bucaneros album, registration number SR0000020635. "Ahora me despido" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.2 ANDANDO DE NOCHE SOLA** – was registered on January 19, 1988, as part of the Distancias album, registration number PA0000383002. "Andando de noche sola" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.3 ÁRBOLES –** was registered on January 19, 1988, as part of the Árboles album, registration number PAu001236872. "Árboles" is a derivative work based on a poem by Clemente Solo Vélez.

**14.4 AYUBURI –** was registered on July 1, 1988, as part of the Nuyol album, registration number PA0000383058. "Ayuburí" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.5 BORICUA EN LA LUNA** – was registered on January 19, 1988, as part of the Árboles album, registration number PAu001236872. "Boricua en la Luna" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.6 DÍA ANTES** – was registered on January 19, 1988, as part of the Distancias album, registration number PA0000383002. "Día Antes," is a derivative work based on a poem by Juan Antonio Corretjer.

**14.7 DIANA DE GUILARTE** – was registered on July 1, 1988, as part of the Nuyol album, registration number PA0000383058. "Diana de Guilarte" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.8 DISTANCIAS** – was registered on January 19, 1988, as part of the Distancias album, registration number PA0000383002. "Distancias " is a derivative work based on a poem by Juan Antonio Corretjer.

**14.9 EL HIJO** – was registered on January 19, 1988, as part of the Distancias album, registration number PA0000383002. "El Hijo," is a derivative work based on a poem by Juan Antonio Corretjer.

**14.10 EN LA VIDA TODO ES IR** – was registered on January 19, 1988, as part of the La Profecía de Urayoán album, registration number PA0000383003. "En la vida todo es ir" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.11 INRIRI CAHUVIAL** – was registered on January 19, 1988, as part of the Distancias album, registration number PA0000383002. "Inriri cahuvial" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.12 OUBAU MOIN** – was registered on January 19, 1988, as part of the Distancias album, registration number PA0000383002. "Oubau Moin" is a derivative work based on a poem by Juan Antonio Corretjer.

**14.13 SERENATA** – was registered on February 21, 1980, as part of the Aires Bucaneros album, registration number SR0000020635. "Serenata" is a derivative work based on a poem by Juan Antonio Corretjer.

15. As owner of the copyrights over those works, plaintiff Brown has the exclusive right to authorize their performance publicly. 17 U.S.C. §106(4).

16. Defendant LAMCO, willfully and illegally, registered these works with the MLC claiming 100% ownership:

**16.1 AHORA ME DESPIDO** – MLC song code A14401. LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 60 matched recordings.

**16.2 ANDANDO DE NOCHE SOLA** – MLC song code A7215U. LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 33 matched recordings.

**16.3 ÁRBOLES** – MLC song code A7215M. LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 20 matched recordings.

**16.4 AYUBURI** – MLC song code A7215K. LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 21 matched recordings.

**16.5 BORICUA EN LA LUNA** – MLC song code B73858: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 199 matched recordings.

**16.6 DÍA ANTES –** MLC song code D7141R: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 3 matched recordings.

**16.7 DIANA DE GUILARTE** – MLC song code D7141Q: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 25 matched recordings.

**16.8 DISTANCIAS** – MLC song code D71415: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 15 matched recordings.

**16.9 EL HIJO** – MLC song code E5073A: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 17 matched recordings.

**16.10 EN LA VIDA TODO ES IR** – MLC song code E10359: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 167 matched recordings.

**16.11 INRIRI CAHUVIAL** – MLC song code I7677O: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 10 matched recordings.

**16.12 OUBAU MOIN** – MLC song code O0867G: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer and Roy Brown as writers, and is receiving payment from 173 matched recordings.

**16.13 SERENATA** – MLC song code X2303T: LAMCO claims before the MLC to be its publisher, representing Juan Antonio Corretjer as writer, and is receiving payment from 38 matched recordings.

17. LAMCO has been collecting royalties from those works from the MLC since it registered them.

18. In Brown v. Latin Am. Music Co., 498 F.3d 18 (1st Cir. 2007), the First Circuit affirmed the district court's dismissal of LAMCO's claims of infringement of copyright in

6

eleven songs by Juan Antonio Corretjer on the basis that LAMCO failed to establish a prima facie case of ownership of valid copyrights in the songs.

19. LAMCO is collaterally estopped from re-litigating its claim of ownership over those works. See Acemla de Puerto Rico, Inc. v. Banco Popular de Puerto Rico, Inc., CIVIL 13-1822CCC, at *10 (D.P.R. Oct. 30, 2015); Latin Am. Music Co. v. Media Power Grp., Inc. 705 F.3d 34 (1st Cir. 2013).

20. As to *Árboles*, LAMCO is claiming ownership through an apparent contract with Juan Antonio Corretjer's heirs, but the author of the underlying work is Clemente Soto Vélez.

## COPYRIGHT INFRINGEMENT

21. 17 U.S.C. 501 provides that: Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be."

22. Defendant LAMCO has willfully infringed plaintiff's copyrights in those works by registering itself with the MLC as copyright owner and claiming and collecting the royalties.

23. Defendant LAMCO is a willful infringer because it has previously litigated and lost, copyright ownership to plaintiff Brown over most of the songs at issue here, and because it is falsely claiming that Juan Antonio Corretjer is the author of the Árboles poem.

24. A willful infringer of copyright is liable for either: (1) the copyright owner's actual damages and any additional profits of the infringer; or (2) statutory damages.

7

JURY DEMAND

25. Plaintiffs hereby request trial by jury.

WHEREFORE, plaintiff requests that the Court enter judgment declaring that defendant LAMCO has willfully infringed plaintiff's copyrights over the listed work and award the corresponding damages and other remedies provided, including costs and attrorney's fees under the. U.S. Copyright Act (17 U.S.C. §101, et seq, sections 502, 504, and 505).

RESPECTFULLY SUBMITTED
In San Juan, Puerto Rico, this 8 November 2024.

                                              **s/ Patricia Rivera MacMurray**
                                              Patricia Rivera MacMurray
                                              USDC 222309
                                              E-mail: prm3@mac.com
                                              250 Tetuán, San Juan, PR 00901
                                              Tel. 787 722-7782/
                                              Email: jahm@mac.com