IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROY BROWN**, <br><br> Plaintiff, <br><br> v. <br><br> **LATIN AMERICAN MUSIC CO.**, <br><br> Defendant. | **CIVIL CASE NO.** 3:24-cv-01523 (MAJ) <br><br> **ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIMS** |

Defendant Latin American Music Co. ("LAMCO"), by its undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP and DMR Law, hereby answers the complaint of Plaintiff Roy Brown in this action, dated November 12, 2024 (Dkt. No. 1) (the "Complaint"), as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. Admits that this case is styled as an action against LAMCO for copyright infringement but denies any liability.

2. Admitted.

3. Admitted that venue is proper because LAMCO maintains an office in this District but denied that LAMCO "resides" here.

### THE PARTIES

4. Admitted that Plaintiff purports to be a Puerto Rico composer, musician, singer, and performer. Lacks information sufficient to form a belief regarding remaining allegations.

5. Admitted in part. LAMCO is a New York corporation, not a Puerto Rico corporation as alleged, but is authorized to do business in Puerto Rico. LAMCO maintains an office at Calle Ana Roque Duprey, Unit 508, Esquina Hija del Caribe, San Juan, P.R. 00918-2316 The Complaint alleges an incorrect address.

## THE FACTS[1]

6. Admitted.

7. No response to this legal conclusion is required, but denied. The allegation in paragraph 7 takes statutory language out of context.

8. No response to this legal conclusion is required, but admitted that the quoted language appears in 17 U.S.C. § 115(d)(3)(C)(i)(III). The Complaint ignores other relevant authorities and functions of the Mechanical Licensing Collective ("MLC"), including to "[a]dminister a process by which copyright owners can claim ownership of musical works (and shares of such works), and a process by which royalties for works for which the owner is not identified or located are equitably distributed to known copyright owners." 17 U.S.C. § 115(d)(3)(C)(i)(V).

9. Admitted.

10. Does not respond to this legal conclusion.

11. Admitted.

12. Admitted that Plaintiff has set poems by known Puerto Rican poets to music, but denied to the extent this allegation implies that Plaintiff secured the necessary permission to do this lawfully. Lacks information necessary to respond as to "[t]hroughout his career" and "among others."

13. No response to this legal conclusion is required, but admitted that as a general matter, setting a poem to music qualifies as creating a derivative work of the poem. Denied to the extent this allegation implies that Plaintiff secured permission to create the derivative-work songs at issue in this case.

---

[1] Headings from the Complaint are reproduced for convenience only and are not admitted as facts.

14. Admitted that the songs identified in the sub-paragraphs of paragraph 14 are derivative works based on poems by Juan Antonio Corretjer or Clement Soto Veléz, but otherwise denied. Plaintiff did not secure permission to create derivative-work songs based on the poems by Corretjer and therefore does not own valid copyrights in the works identified in sub-paragraphs 14.1, 14.2, 14.4, 14.5, 14.6, 14.7, 14.8, 14.9, 14.10, 14.11, 14.12, and 14.13. Lacks information necessary to form a belief as to whether Plaintiff secured permission to create a derivative-work song based on the poem by Veléz alleged in sub-paragraph 14.3, and therefore denied that Plaintiff owns a valid copyright in that work as well. Admitted that the copyright registration dates stated in the sub-paragraphs of Paragraph 14 appear accurate, but denied that any of the alleged copyright registrations is valid.

15. No response to this legal conclusion is required, but denied. Plaintiff does not own valid copyrights in at least the 12 songs at issue based on poems by Corretjer and therefore lacks any exclusive rights.

16. Admitted only with respect to the following: (1) the MLC song codes alleged in sub-paragraphs 16.1-16.7 and 16.9-16.13 correspond to works with the corresponding alleged titles; (2) Corretjer is the author of the works identified in paragraph 16; (3) LAMCO represents Corretjer as publisher of the works identified in paragraph 16; (4) the MLC currently attributes a 100% collection share to LAMCO for the works identified in paragraph 16; and (5) the MLC has paid royalties to LAMCO from its licensing of at least some of the works identified in paragraph 16. Otherwise denied. The MLC code for Distancias is incorrect. The number of matched recordings is generally incorrect based on what is currently stated on the MLC's website. LAMCO did not register any of these works with the MLC, let alone do so "willfully and illegally"; rather, LAMCO has only acted lawfully as copyright holder in the identified works written by Corretjer.

Finally, denied specifically as to sub-paragraph 16.3, for the reasons explained in response to paragraph 20.

17. Admitted that the MLC has paid royalties to LAMCO from its licensing of at least some of the works identified in paragraph 16, but otherwise denied. LAMCO did not register the identified works with the MLC. LAMCO has only acted lawfully as copyright holder in the identified works written by Corretjer.

18. No response to these legal conclusions is required, but denied. Among other issues, LAMCO's ownership rights in the works that were at issue in the 2005 lawsuit were not fully and fairly litigated and material new information has been adduced since that lawsuit.

19. No response to this legal conclusion is required, but denied. Among other issues, LAMCO's ownership rights in the works that were at issue in the 2005 lawsuit were not fully and fairly litigated and material new information has been adduced since that lawsuit.

20. Denied. LAMCO was assigned the copyright in Corretjer's poem entitled "Árboles," but to LAMCO's knowledge Plaintiff has not set that poem to music. Instead, the song Árboles referenced in Compl. ¶ 14.3 appears to be based on a different poem called "Árboles" by Veléz. LAMCO has never claimed rights in Veléz's poem Árboles and denies any wrongdoing or liability to the extent the MLC incorrectly matched LAMCO with that work.

## COPYRIGHT INFRINGEMENT

21. No response to this statement of law is required, but admitted that the statute contains the quoted language.

22. No response to these legal conclusions is required, but denied.

23. No response to these legal conclusions is required, but denied.

24. No response to this statement of law is required, but admitted that a plaintiff who proves copyright infringement can potentially recover actual or statutory damages if applicable

requirements are met. Otherwise denied as an incomplete and inaccurate statement of the law.

## JURY DEMAND

25. No response is required to Plaintiff's jury demand and the ensuing request for relief.

## AFFIRMATIVE DEFENSES

LAMCO makes the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters. LAMCO reserves the right to assert additional defenses as discovery in this case progresses, including through amendment of this Answer

1. Plaintiff fails to state a claim because the alleged wrongdoing by LAMCO is not actionable as copyright infringement under 17 U.S.C. §§ 106 and 501.

2. Plaintiff fails to state a claim because the correct channel to assert his alleged rights is by claiming ownership and seeking royalty allocation before the MLC.

3. Plaintiff fails to state a claim for copyright infringement because Plaintiff lacks valid copyrights in the allegedly infringed works, including because Plaintiff did not secure permission to create derivative-work songs based on copyrighted poems by Corretjer.

4. Plaintiff fails to state a claim for copyright infringement and/or lacks standing because Plaintiff lacks valid copyright registrations in one or more of the allegedly infringed works.

5. Plaintiff has acted with unclean hands, including because Plaintiff did not secure permission to create derivative works based on Corretjer's poems and Plaintiff has failed to credit and/or account to others for their role in composing the works at issue.

6. Plaintiff's claims are untimely under the applicable statute of limitations.

7. Plaintiff failed to include indispensable parties in this lawsuit.

8. Plaintiff is estopped from claiming damages due to his own acts and unlawful activities.

9. Plaintiff failed to mitigated damages, including because Plaintiff has not attempted to claim ownership and be allocated royalties before the MLC.

10. Plaintiff cannot establish willful copyright infringement or an entitlement to enhanced damages, including because LAMCO has acted lawfully and in good faith as copyright holder in the Corretjer poems at issue.

11. Plaintiff has incurred, at most, de minimis damages.

12. Plaintiff cannot recover statutory damages due to his failure to satisfy the statutory requirements for such relief.

13. Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 in light of, *inter alia*, LAMCO's reasonable defenses and good faith actions.

| | |
|---|---|
| **LATIN AMERICAN MUSIC CO.** and **CONSUELO CORRETJER,**<br><br>　　　　　Counterclaim-Plaintiffs,<br><br>v.<br><br>**ROY BROWN**,<br><br>　　　　　Counterclaim-Defendant. | **CIVIL CASE NO.** 3:24-cv-01523 (MAJ)<br><br>**AMENDED COUNTERCLAIMS** |

<u>**AMENDED COUNTERCLAIMS AGAINST PLAINTIFF ROY BROWN**</u>

　　　　LAMCO and Consuelo Corretjer ("Consuelo"), by and through their undersigned counsel, hereby assert their Counterclaims against Plaintiff and states as follows:

　　　　1.　　　LAMCO hereby incorporates and adopts its Answers to the Complaint (Paragraphs 1-25) and its Affirmative Defenses as set forth above.

　　　　2.　　　Consuelo hereby joins in this action as a counterclaim plaintiff.

## **INTRODUCTION**

　　　　3.　　　Plaintiff, not LAMCO, is the party in this action liable for copyright infringement. As Plaintiff alleges, he set numerous poems by Juan Antonio Corretjer to music, including the following 12 Corretjer poems: (1) Ahora Me Despido; (2) Andando De Noche Sola; (3) Ayuburi; (4) Boricua En La Luna; (5) Día Antes; (6) Diana De Guilarte; (7) Distancias; (8) El Hijo; (9) En La Vida Todo Es Ir; (10) Inriri Cahuvial; (11) Oubau Moin; and (12) Serenata. (Compl. ¶¶ 13, 14.1-14.2, 14.4-14.13.) Although not raised in Plaintiff's Complaint, Plaintiff did the same with an additional Corretjer poem entitled Inabón Yunez (otherwise known as "En Las Aguas Del Inabon, El Nombre"). Collectively, these 13 Corretjer poems shall be referred to as the "Corretjer Works," and the songs Plaintiff created based on them referred to as the "Brown Songs."

7

4. As Plaintiff concedes, setting a poem to music is considered creating a derivative work under the Copyright Act. (Compl. ¶ 13.) Creating a derivative work is one of the six exclusive rights afforded to copyright holders under Section 106 of the Copyright Act. 17 U.S.C. § 106(2).

5. By assignment from Corretjer's heirs, LAMCO is a copyright holder in the Corretjer Works and has the right to authorize the creation of derivative works based on the Corretjer Works, as well as reproduce, distribute, and publicly perform the Corretjer Works.

6. By inheritance after her father's passing, Consuelo is a copyright holder in the Corretjer Works and has the right to authorize the creation of derivative works based on the Corretjer Works, as well as reproduce, distribute, and publicly perform the Corretjer Works.

7. Plaintiff never received authorization from Corretjer, Corretjer's heirs (including Consuelo), or LAMCO to create derivative-work songs based on any of the Corretjer Works. Nor has Plaintiff ever paid Corretjer's heirs (including Consuelo) or LAMCO royalties earned through his exploitation of the Corretjer Works via the Brown Songs.

8. Recently, only a few months ago, LAMCO discovered (a) that the gatefolds of vinyl records containing most (if not all) the Brown Songs (including the albums "Distancias," "Arboles," "Boricua en la Luna," and "Aires Bucaneros") featured printed lyrics (the lyrics being comprised Corretjer Works at issue in this case), and (b) that all the Corretjer Works were reproduced in full as "lyrics" on Brown's website, albeit obscured behind links reading "Información" (whereas other songs not containing lyrics derived from the Corretjer Works feature links reading "Letra"). LAMCO was unaware that Brown had printed the lyrics in his albums and on his website prior to just a few months ago.

9. The lack of authorization to create the Brown Songs not only invalidates Plaintiff's claimed copyrights in those songs but also makes Plaintiff liable to both LAMCO and Consuelo

for copyright infringement by virtue of his unauthorized reproduction, distribution, and public performance of the copyrighted Corretjer Works embodied in the Brown Songs and printed/reproduced lyrics. *See* 17 U.S.C. §§ 106, 501.

## THE PARTIES

10. LAMCO is a music publisher incorporated in the state of New York. It is authorized to do business in Puerto Rico and maintains an office at Calle Ana Roque Duprey, Unit 508, Esquina Hija del Caribe, San Juan, P.R. 00918-2316. At all relevant times, LAMCO was and continues to be engaged in the business of publishing, licensing, and otherwise marketing and exploiting copyrighted compositions. LAMCO is copyright holder in the Corretjer Works pursuant to assignment by Corretjer's heir Maria Corretjer.

11. Consuelo Corretjer is one of Corretjer's two daughters. As Corretjer's heir, she inherited an interest in the Corretjer works by way of intestate succession under Puerto Rico law.

12. According to his Complaint, Plaintiff Roy Brown is a Puerto Rico composer, musician, singer, and performer with the address: P.O. Box 721, Mayagüez, Puerto Rico, 00681.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §§ 1338(a) and 1331.

14. This Court has personal jurisdiction over Plaintiff because he is domiciled in Puerto Rico and has submitted to this Court's jurisdiction by filing his lawsuit here.

15. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400 because Plaintiff is domiciled in this District and has submitted to this Court's jurisdiction by filing his lawsuit here.

## FACTUAL BACKGROUND

16. Juan Antonio Corretjer is the author of the Corretjer Works.

17. Corretjer passed away in 1985.

18. Corretjer died without a will. His intellectual property, including all rights in the Corretjer Works, passed to his heirs, including his daughters, Maria Corretjer and Consuelo Corretjer.

19. In 1999, Maria Corretjer assigned to LAMCO all her rights, including ownership of copyrights, in all of Corretjer's poems, including the Corretjer Works. This assignment was recorded with the U.S. Copyright Office, with a Certificate of Recordation issued on December 4, 2000. The Certificate of Recordation is included as **Exhibit A**.

20. Consuelo Corretjer has not assigned her rights in the Corretjer Works to LAMCO or anyone else.

21. LAMCO obtained Registration PA 995-275 from the U.S. Copyright Office on February 3, 2000, covering the following Corretjer Works: Oubau Moin, Inriri Cahuvial, El Hijo, Andando De Noche Sola, Día Antes, En La Vida Todo Es Ir, Distancias, Boricua En La Luna, Ayuburi, and Diana Guilarte. Certificate of Registration PA 995-275 is included as **Exhibit B**.

22. LAMCO obtained Registration PA 1-285-742 from the U.S. Copyright Office on July 8, 2005, covering the following Corretjer Works: Ahora Me Despido, Serenata, and Inabón Yunez. Certificate of Registration PA 1-285-742 is included as **Exhibit C**.

23. LAMCO obtained Registration TX 7-207-339 from the U.S. Copyright Office on April 10, 2008, covering the following Corretjer Works: El Hijo, Ayuburi, Serenata, En La Via Todo Es Ir, Andando De Noche Sola, and Ahora Me Despido. Certificate of Registration TX 7-207-339 is included as **Exhibit D**.

24. Upon information and belief, Plaintiff set each of the Corretjer Works to music in the 1970s or 1980s, creating derivative-work songs (i.e., the Brown Songs) based on each Corretjer Work.

25. Plaintiff never received permission from Corretjer to create the derivative Brown Songs. Not only has Plaintiff never provided evidence of Corretjer granting such permission, but Plaintiff has conceded in sworn testimony that he never secured Corretjer's permission in writing. Nor has Plaintiff received such permission from Corretjer's heirs (including Consuelo) or LAMCO.

26. As noted above, LAMCO recently learned that Brown also reproduced, in full, Corretjer Works as printed lyrics in physical album media and on his website. Brown did not receive permission or authorization from LAMCO or from Corretjer's heirs (including Consuelo) to engage in such reproduction.

27. Plaintiff has never paid Corretjer's heirs (including Consuelo) or LAMCO for his exploitation of the Corretjer Works.

28. Because Plaintiff never received permission to create the derivative Brown Songs based on the Corretjer Works, Plaintiff does not hold a valid copyright in any of the Brown Songs.

29. Furthermore, because Plaintiff never received permission to create the Brown Songs, each act of reproduction, distribution, and/or public performance of such songs is an act of copyright infringement of the Corretjer Works under 17 U.S.C. §§ 106 and 501. The same is true for Brown's unauthorized reproduction of Corretjer Works as lyrics in his physical album materials and on his website; these are also unauthorized reproductions and distributions of such works.

30. As copyright holders in the Corretjer Works, LAMCO and Consuelo hold rights of, *inter alia*, reproduction, distribution, and public performance of those works.

31. Contrary to Plaintiff's allegations, LAMCO is not precluded from asserting its rights in the Corretjer Works based on rulings issued in the 2005 lawsuit *Brown v. Latin Am. Music*

*Co.*, D.P.R. No. 05-1242(JAF) (the "2005 Action"), including the decisions cited in the Complaint. (*See* Compl. ¶ 18.)

32.     First, Ahora Me Despido, Serenata, and Inabón Yunez were not at issue in the 2005 Action, so LAMCO's rights and claims in those works are undisturbed.

33.     Second, as to Boricua En La Luna, new evidence material to LAMCO's rights has been discovered since the allegedly preclusive rulings in the 2005 Action were issued. Specifically, it has now been discovered that Corretjer created and reduced Boricua En La Luna to writing in approximately 1980 or 1981, placing it under the protections of the 1976 Copyright Act rather than the 1909 Copyright Act as Plaintiff had previously maintained. In the 2005 Action, Plaintiff challenged LAMCO's ownership rights on the basis that the Corretjer Works at issue had been published without a copyright notice prior to 1978 and therefore fell into the public domain or were unpublished and in the public domain. The new evidence—specifically, news articles where Plaintiff was quoted stating that Corretjer wrote Boricua En La Luna in 1981—establishes that the work was not in the public domain because it was copyrighted at the moment of its fixation under the 1976 Copyright Act, refuting Plaintiff's prior argument contesting LAMCO's ownership based on public domain status.

34.     Third, as to Ahora Me Despido, Andando De Noche Sola, Ayuburi, El Hijo, En La Via Todo Es Ir, and Serenata, LAMCO's Registration TX 7-207-339, obtained in April 2008, constitutes new evidence of its ownership rights that was not available at the time of the allegedly preclusive decisions in the 2005 Action.

35.     As to all Corretjer Works that were at issue in the 2005 Action, LAMCO is not precluded from establishing its ownership of a valid copyright or asserting copyright infringement claims because its rights were not fully and fairly litigated in the 2005 Action. *See Allen v.*

*McCurry*, 449 U.S. 90, 94 (1980); *Carballo-Rodriguez v. Clark Equip. Co.*, 147 F. Supp. 2d 78, 79 (D.P.R. 2001) (denying motion to apply the doctrine of issue preclusion "sometimes referred to as collateral estoppel, [which] prevents a party from relitigating an issue that was fully and fairly litigated on a previous occasion" in the instant matter). In the 2005 Action, the district court ruled *sua sponte* that LAMCO did not hold valid copyrights in the works at issue on the basis that LAMCO had not provided evidence of its assignment from Corretjer's heirs. The court did not provide LAMCO notice and a reasonable time to respond as required when granting summary judgment *sua sponte* under Rule 56, and then refused to consider the assignment evidence LAMCO provided in response to the *sua sponte* ruling. This in turn impacted the appeal, where the First Circuit affirmed despite recognizing that the assignment to LAMCO was never challenged and "not in dispute." For at least these reasons, LAMCO did not have a full and fair opportunity to establish the basis for its claim of copyright ownership in the 2005 Action, and the equitable doctrine of collateral estoppel should not be applied.

36. Consuelo was not a party to the 2005 Action nor was she in privity with any party thereto, nor did she have an opportunity to litigate any claims in that case on their merits. Accordingly, there is no preclusive effect on her ability to pursue claims against Brown for infringement of the Corretjer Works via the Brown Songs.

## FIRST COUNTERCLAIM

### Copyright Infringement Of All Corretjer Works

37. LAMCO and Consuelo repeat and reallege the allegations contained in the previous paragraphs as though fully set forth herein.

38. LAMCO owns copyrights in the Corretjer Works via assignment by Maria Corretjer, which was duly recorded with the U.S. Copyright Office.

39. Consuelo owns copyrights in the Corretjer Works via intestate succession as the daughter and heir of Corretjer.

40. LAMCO registered the Corretjer Works with the U.S. Copyright Office in Registrations PA 995-275, PA 1-285-742, and TX 7-207-339. LAMCO is the copyright claimant as to each of these registrations. LAMCO therefore has standing to sue for infringement and/or has satisfied the statutory prerequisites to assert copyright infringement claims with respect to its interest in the Corretjer Works.

41. Consuelo also has standing to sue for infringement with respect to her interest in the Corretjer Works given her status as a co-owner of the copyrights in such works.

42. All the Corretjer Works are original works of authorship fixed in a tangible medium of expression (i.e., written poems) and constitute copyrightable subject matter as literary works under the Copyright Act.

43. Plaintiff had access to each Corretjer Work in connection with setting them to music. Plaintiff admittedly had access to each Corretjer Work identified in the Complaint.

44. Each Brown Song is a derivative work of the Corretjer Work of the same or a similar name.

45. Plaintiff never received permission from Corretjer, Corretjer's heirs (including Consuelo), or LAMCO to create derivate-work songs based on the Corretjer Works, including the Brown Songs, even though creating derivative works is the copyright holders' exclusive right under 17 U.S.C. § 106(2).

46. Because the Brown Songs were unauthorized derivative works, each reproduction, distribution, and public performance of each of them infringed each corresponding Corretjer Work under 17 U.S.C. § 106(1), (3), and (4), and § 501. Because the Brown Songs embody the Corretjer

Works, any time a copy of a Brown Song was reproduced or distributed, a copy of the corresponding Corretjer Work was reproduced or distributed. Likewise, any time Plaintiff publicly performed a Brown Song, he necessarily publicly performed the Corretjer Work embodied in it.

47. Plaintiff unlawfully appropriated the Corretjer Works by reproducing, distributing, and/or publicly performing the Corretjer Works as incorporated into the Brown Songs, without authorization from any copyright holder in the Corretjer Works. The Brown Songs incorporate actual copies of the Corretjer Works, or at a minimum, are substantially similar to the Corretjer Works.

48. As of the date of this Amended Counterclaim, Plaintiff is selling the Brown Songs for $0.99 on his website, www.roybrown.com/musica. Screenshots showing this are included in **Exhibit E**. Upon information and belief, Plaintiff has sold at least one copy of each Brown Song through his website, including in the last three years. Upon information and belief, Plaintiff has sold copies of each Brown Song through other means as well over the last three years, with specific sales to be adduced in discovery.

49. As of the date of this Amended Counterclaim, Plaintiff has posted videos of the Brown Songs on YouTube, including at the following URLs:

- https://www.youtube.com/watch?v=ykRm_8UzDBc (Inabón Yunez);
- https://www.youtube.com/watch?v=-bZEp36YXVg (Ahora Me Despido);
- https://www.youtube.com/watch?v=lcv53Wy3UB8 (Serenata);
- https://www.youtube.com/watch?v=fxT4iOul6fQ (Boricua En La Luna);
- https://www.youtube.com/watch?v=w5wsvDQHQY8 (Inriri Cahuvial);
- https://www.youtube.com/watch?v=jIlZVkM5dpA (El Hijo);
- https://www.youtube.com/watch?v=45UA2Ww4RYo (Ayuburi);

- https://www.youtube.com/watch?v=j-Vgl436QEo (Andando De Noche Sola);

- https://www.youtube.com/watch?v=uQwhJ3srITM (Día Antes);

- https://www.youtube.com/watch?v=05Krc9_h2zQ (En La Vida Todo Es Ir);

- https://www.youtube.com/watch?v=ZNHf90AVaqE (Distancias);

- https://www.youtube.com/watch?v=582oMqgehlI (Diana De Guilarte);

- https://www.youtube.com/watch?v=gcu4MlfQHw4 (Oubao Moin).

Screenshots showing this are included in **Exhibit F**. Posting videos of the Brown Songs constitutes unauthorized reproduction, distribution, and/or public performance of the Corretjer Works. Upon information and belief, Plaintiff has posted additional videos of the Brown Songs on YouTube and other websites as well, with such posts continuing through the last three years.

50. Plaintiff has publicly performed the Brown Songs in concert in the last three years and as a result engaged in infringing public performance of the Corretjer Works. Specifically, Plaintiff publicly performed one or more Brown Songs on August 12, 2023 at the Centro de Bellas Artes in Santurce, P.R.[2]; on April 26, 2024 at Festival Claridad in San Juan, P.R.[3]; and on November 3, 2024 at Festival de la Esperanza in San Juan, P.R.[4] Upon information and belief, Plaintiff has publicly performed the Brown Songs, and as a result, the Corretjer Works, numerous additional times in the last three years.

51. Plaintiff never received permission from Corretjer, Corretjer's heirs (including Consuelo), or LAMCO to print Corretjer Works as song lyrics in physical album media or to reproduce them on his website.

---

[2] *See* https://prpop.org/2023/08/roy-brown-con-su-musica-como-brujula/.
[3] https://www.facebook.com/737075236/videos/2146770575690052/.
[4] https://www.youtube.com/watch?v=6IAZ6DDn2Ws.

16

52. Each reproduction and distribution of albums containing printed or otherwise reproduced Corretjer Works as song lyrics infringed each corresponding Corretjer Work under 17 U.S.C. § 106(1) and (3), and § 501.

53. The infringement of each of the Corretjer Works constitutes a separate and distinct violation of the Copyright Act.

54. The foregoing acts of infringement by Plaintiff are willful, intentional, and purposeful, in disregard of and indifference to LAMCO's and Consuelo's rights. Indeed, Plaintiff has known at all relevant times that he did not secure permission to create the Brown Songs (or create printed lyrics for album content), has not received any license from LAMCO or any of Corretjer's heirs (including Consuelo), and that his actions injured Corretjer's heirs (including Consuelo) and/or LAMCO as copyright holder in the Corretjer Works.

55. Plaintiff's use of the Brown Songs is not transformative in any way and usurps LAMCO's and Consuelo's rights as copyright holders of the Corretjer Works as well as LAMCO's and Consuelo's markets for monetizing the Corretjer Works as songs, sound recordings, or printed literary materials including song lyrics.

56. LAMCO and Consuelo have been extensively damaged by Plaintiff's infringement of the Corretjer Works.

57. LAMCO and Consuelo are entitled to their actual damages and Plaintiff's profits for infringement of the Corretjer Works, or at their election, statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of up to $150,000 for each song infringed, or such other amounts as may be proper under 17 U.S.C. §504(c).

58. LAMCO and Consuelo are entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505 with respect to the Corretjer Works.

59. Plaintiff's conduct, described above, if continued or repeated without intervention by this Court, will cause LAMCO and Consuelo irreparable injury that cannot be fully compensated or measured in money. Pursuant to 17 U.S.C. § 502, LAMCO and Consuelo are entitled to a permanent injunction prohibiting further infringement of their copyrights.

## JURY DEMAND

60. LAMCO and Consuelo hereby request a trial by jury on its counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, LAMCO and Consuelo respectfully requests that this Court enter judgment in their favor and against Plaintiff, as follows:

i. Denying all relief sought by Plaintiff in the Complaint;

ii. Dismissing the Complaint in its entirety with prejudice;

iii. Declaring that Plaintiff does not own the copyrights in and to the Brown Songs because they are unauthorized derivative works;

iv. Declaring that LAMCO has not infringed any copyright of Plaintiff's;

v. Finding that Plaintiff is not entitled to any damages, costs, attorneys' fees, or injunctive relief;

vi. Finding Plaintiff liable for direct copyright infringement of the Corretjer Works based on the actions described above;

vii. Awarding, at LAMCO's and Consuelo's election, actual damages and Plaintiff's profits or statutory damages, in an amount to be determined at trial, for Plaintiff's respective direct infringements of the Corretjer Works;

viii. Awarding LAMCO and Consuelo their costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and

    ix.    Issuing a permanent injunction requiring Plaintiff, his respective agents, heirs, servants, employees, officers, successors, licensees, and assigns and all persons acting in concert or participation with him or for him, to (a) cease and desist from infringing the copyrights to any of the Corretjer Works in any manner, including without limitation, the reproduction, preparation of derivative works, distribution, and public performance, of the Corretjer Works; (b) remove or delete or cause to be removed or deleted any Brown Songs that remain posted in any location (on the Internet, in social media, or otherwise) under the direct or indirect custody or control of Plaintiff, including the printed lyrics comprised of Corretjer Works; and (c) destroy, delete, or otherwise dispose of any copies of the Brown Songs (whether physical or electronic) in the direct or indirect possession, custody, or control of Plaintiff, including the printed or otherwise reproduced lyrics comprised of Corretjer Works.

    x.    Granting all such other and further relief as the Court may deem just and proper.

Dated: July 14, 2025

**COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP**

*/s/ Scott J. Sholder*
Scott J. Sholder
CeCe Cole
60 Broad Street, 30th Floor
New York, New York 10004
Tel.: (212) 974-7474
Fax: (212) 974-8474
ssholder@cdas.com
ccole@cdas.com

**DMR L**AW

*/s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
Capital Center Building
239 Arterial Hostos Avenue
South Tower – Suite 1101
Hato Rey, P.R. 00918
787-331-9970 / 786-710-8138
j.micheo@dmrpr.com

*Attorneys for Latin American*
*Music Co. and Consuelo Corretjer*