THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ROY BROWN,**

*Plaintiff*,

v.

**LATIN AMERICAN MUSIC CO., INC.,**

*Defendant*.

Civil No. 24-01523 (MAJ)

## OPINION AND ORDER

### I.  Introduction

Plaintiff Roy Brown ("Brown") is a Puerto Rican musician. (**ECF No. 1 at 1 ¶ 4**). Brown filed this action for copyright infringement against Latin American Music Company ("LAMCO"), alleging that LAMCO infringed copyrights owned by Brown in thirteen musical compositions. (**ECF No. 1 at 3–6 at ¶¶ 14–17**). LAMCO counterclaimed against Brown, alleging that Brown had infringed copyrights owned by LAMCO in the same songs. (**ECF No. 23 at 7 ¶ 2**). On July 14, 2025, LAMCO filed an Amended Counterclaim (the "Counterclaims") in order to join Consejuelo Corretjer as an additional Counterclaimant. (**ECF No. 44**).[1] Before the Court is a Motion to Dismiss for Failure to State a Claim filed by Brown, moving the Court to dismiss the Counterclaims

---

[1]   On March 3, 2025, Brown filed a Motion to Dismiss the Counterclaims. (**ECF No. 24**). Later, after LAMCO had amended the Counterclaims to join Consejuelo Corretjer as a counterclaimant, Brown re-filed the motion to dismiss. (**ECF No. 47**). It is the subsequent motion to dismiss that is presently before the Court. The original motion to dismiss is denied as moot. (**ECF No. 24**).

brought by LAMCO. (**ECF No. 47**).² For the reasons set forth below, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## II. Background

The Complaint ("Complaint") alleges that Brown owns the copyright to a set of songs that adapt to music various poems written by Juan Antonio Corretjer ("Corretjer"), a renowned Puerto Rican poet. (**ECF No. 1 at 3–4 at ¶ 14**).³ According to the Complaint, LAMCO committed copyright infringement when it claimed ownership of these songs by registering a copyright interest with the Mechanical Licensing Collective ("MLC"), a non-profit organization designated by the U.S. Copyright Office to administer copyright licenses. *Id.* at 2 ¶¶ 6–10, 5–6 ¶ 16. LAMCO allegedly registered ownership of the songs with MLC in its capacity as a representative of Juan Antonio Corretjer. *Id.* at 5–6 ¶ 16.

According to the allegations set forth in the Counterclaims, however, LAMCO is the lawful copyright holder of Corretjer's writings. (**ECF No. 44 at 8 ¶ 5**).⁴ LAMCO alleges that the heir to Corretjer's estate assigned the works to LAMCO in 1999, and that it recorded the assignment with the U.S. Copyright Office in 2000. *Id.* at 10 ¶ 19. LAMCO therefore asserts that Brown has committed copyright infringement by adapting Corretjer's poems to music without authorization. *Id.* at 7 ¶ 3. LAMCO alleges that Brown committed the relevant infringing acts within the last three years. *Id.* at 15–16 ¶¶ 48–50. The songs in question include: *Ahora Me Despido*, *Andando de Noche Sola*, *Ayuburi*,

---

² Brown does not move to dismiss the Counterclaims brought by Consejuelo Corretjer. (**ECF No. 47 at 2 n.1**).
³ Brown alleges that one of the songs at issue in this case, *Árboles*, was adapted from a poem written by Clemente Soto Vélez. (**ECF No. 1 at 3 ¶ 14**). Because that song is not relevant to the issues presented by the instant Motion, the Court will not address the allegations relating to that song.
⁴ For the purposes of resolving this Motion, the Court treats the well-plead facts alleged in the Counterclaims as true. *See Boit v. Gar-Tec Prod., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) ("In determining whether a prima facie showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a [claimant] as true.").

*Boricua en la Luna*, *Día Antes*, *Diana de Guilarte*, *Distancias*, *El Hijo*, *En la Vida Todo Es Ir*, *Inriri Cahuvial*, *Oubau Moin*, *Serenata*, and *Inabón Yunez*. *Id*. at 7 ¶ 3. LAMCO received official certificates of registration from the U.S. Copyright Office for each of these songs between 2000 and 2005. *Id*. at 10 ¶¶ 21–23; (**ECF No. 44-2–3**).

This is not the first time that the parties have engaged in litigation.[5] In 2005, Brown filed a lawsuit against LAMCO in this District. *See Brown v. Latin American Music Co., et al.*, Civ. No. 05-1242 (D.P.R. 2005) ("*Brown I*"). That complaint sought a declaratory judgment ruling that Brown would not be liable for copyright infringement for performing or distributing musical adaptations of Corretjer's work. *Brown I*, (**ECF No. 1**). On June 16, 2005, LAMCO filed a counterclaim alleging that Brown had committed copyright infringement with respect to the following ten songs: *Andando de Noche Sola*, *Ayuburi, Boricua en la Luna*, *Día Antes*, *Diana de Guilarte*, *Distancias*, *El Hijo*, *En la Vida Todo Es Ir*, *Inriri Cahuvial*, and *Oubau Moin*.[6] *Brown I*, (**ECF No. 10**). As noted above, LAMCO's Counterclaims in this case are based on those same songs, in addition to *Ahora Me Despido*, *Serenata*, and *Inabón Yunez*. (**ECF No. 44 at 7 ¶ 3**).

On May 9, 2006, after the parties had fully briefed the issues, LAMCO's counterclaims were dismissed on summary judgment. *Brown I*, (**ECF No. 31**). In the Opinion and Order granting summary judgment, the District Court concluded that LAMCO had failed to produce sufficient evidence to prove "ownership of a valid copyright" in the works, an essential element of the counterclaims. *Brown v. Latin Am*.

---

[5] The rules of evidence allow courts to take judicial notice of adjudicative facts which are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). This includes "the fact that another proceeding took place, or of certain other undisputable aspects of those proceedings." *MVM Inc. v. Rodríguez*, 568 F. Supp. 2d 158, 164 (D.P.R. 2008).

[6] LAMCO also raised a claim regarding the song *De Ciales Soy*. *Brown I*, (**ECF No. 10 at 7 ¶ 13**). That song is not at issue in the present case.

*Music Co.*, Civ. No. 05-1242, 2006 WL 8450668, at *3–4 (D.P.R. May 9, 2006). LAMCO had furnished only one item of relevant evidence to establish a valid copyright interest: a registration certificate from February 2000 purporting to establish that LAMCO possessed a valid copyright interest in the Corretjer poems adapted to music by Brown. *Id.* at *4. Because the contents of the registration certificate were contradicted by concessions made by LAMCO in its opposition to Brown's statement of uncontested facts, coupled with the fact that the registration certificate was created decades after the works were originally published, the court found the registration certificate lacking in probative value. *Id.* at *3–4. As a result, the court found that LAMCO had failed to provide prima facie evidence of ownership of a valid copyright and dismissed the counterclaims. *Id.*

LAMCO filed a motion for reconsideration of the ruling. *Brown I*, (**ECF No. 36**). Along with the motion for reconsideration, LAMCO filed additional evidence of a copyright ownership, *id.*, (**ECF No. 36-2**), and a modified statement of contested facts, *id.*, (**ECF No. 36-3**). The court declined to reconsider its prior ruling. *Id.*, (**ECF No. 41**).

LAMCO appealed that decision. *Id.*, (**ECF No. 55**). On August 7, 2007, the Court of Appeals for the First Circuit affirmed the dismissal of LAMCO's counterclaims, finding that LAMCO "did not present any substantive support for its claim of copyright." *See Brown v. Latin American Music Co., Inc.*, 498 F.3d 18, 25 (2007). The First Circuit also held that the evidence presented in the motion for reconsideration did not constitute "newly discovered evidence" and upheld the denial of that motion. *Id.*

### III. Legal Standard

Brown moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, raising the affirmative defense of res judicata and asserting that the Counterclaims fail "to state a claim upon which relief can be granted." FED. R. CIV. P.

12(b)(6). "Affirmative defenses . . . may be raised in a motion to dismiss under [Rule] 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 113–14 (1st Cir. 2009) (internal citations and quotations omitted).

To resolve a 12(b)(6) motion, federal courts follow a two-step method. First, the court must "isolate and ignore statements in the [counterclaim] that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). A counterclaim need not include detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the court must take the remaining "well-[pleaded] . . . facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55 (citations and quotations omitted).

In addition to the well-pleaded facts presented on the face of the Counterclaims, "the court may consider matters fairly incorporated within the [pleadings] and matters susceptible of judicial notice." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008). "Thus, where the motion to dismiss is premised on a defense of res judicata – as is true in the case at hand – the court may take into account the record in the original action." *Id.*

**IV.     Analysis**

The doctrine of res judicata prevents litigants from attempting to take another "bite at the apple" where they have previously litigated their claims and lost. *See Vargas-Colón v. Fundación Damas, Inc.*, 157 F. Supp. 3d. 106, 123 (D.P.R. 2016). Invoking the doctrine, Brown argues that the Counterclaims must be dismissed because they were, or

should have been, previously litigated in a prior lawsuit between the Brown and LAMCO. (**ECF No. 47**).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). As the Supreme Court has explained,

> Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim[.] Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Id.* (internal citations and quotations omitted). Brown and LAMCO have previously litigated copyright infringement claims closely related to the claims before the Court. Nevertheless, LAMCO argues that the doctrine of claim preclusion is not applicable because the Counterclaims are not sufficiently identical to the claims that were litigated in the prior lawsuit. (**ECF No. 51 at 6**). In addition, LAMCO argues that granting issue preclusive effect to the earlier judgment would be fundamentally unfair, because it lacked a full and fair opportunity to litigate its claims in the prior lawsuit, and because new evidence has emerged that renders preclusion inappropriate. *Id.* at 11–14. The Court will address each issue in turn.

### A. The doctrine of claim preclusion does not bar litigation of the Counterclaims.

Whether a prior judgment rendered in federal court may bar a subsequent federal action is a question of federal law. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003). Under federal law, the doctrine of claim preclusion forecloses re-litigation of claims that were, or should have been, raised in a prior action that resulted in a final judgment on the merits. *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009).

To successfully raise the defense, three elements must be met: there must be "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 16. LAMCO argues that the Counterclaims are not sufficiently identical to the causes of action asserted in the previous lawsuit, since LAMCO seeks to recover for acts of infringement that took place within the last three years and post-date the resolution of the previous suit. (**ECF No. 44 at 15–16 ¶¶ 48–50**); (**ECF No. 51 at 14–20**).

"[C]laim preclusion generally does not bar claims that are predicated on events that postdate the filing of the initial complaint." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 414 (2020) (internal quotations omitted). Instead, the "development of new material facts can mean that a new case and an otherwise similar previous case do not present the same claim." *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 599 (2016). In short, a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lucky Brand Dungarees*, 590 U.S. at 414–415 (quoting *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327–328 (1955)).

These principles are especially relevant in the context of actions for copyright infringement, as "[i]t is widely recognized that the separate-accrual rule attends the copyright statute of limitations." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). Under the separate-accrual rule, "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs." *Id*. Pointing to this rule, LAMCO argues that all acts of copyright infringement post-dating the prior litigation may

not be precluded because they constitute separate and distinct causes of action. (**ECF No. 51 at 14–20**). For support, LAMCO cites to *Media Rights Technologies*, (**ECF No. 51 at 17**), a Ninth Circuit case holding that claim preclusion will not bar a claim for copyright infringement predicated on an infringing act that post-dates the related prior litigation. *Media Rights Technologies, Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1024 (9th Cir. 2019). Noting that the application of claim preclusion in this context would have the perverse effect of immunizing a copyright infringer from additional lawsuits for subsequent acts of infringement, the Ninth Circuit reasoned that applying the doctrine under such circumstances would, "[t]aken to its logical conclusion," violate "basic claim preclusion principles." *Id.* at 1024–1025. The Court agrees. Here, because the Counterclaims are premised on alleged acts of infringement that took place within the last three years, (**ECF No. 23 at 13–14 ¶¶ 39–41**), and because those claims did not exist at the time of the prior litigation, the doctrine of claim preclusion is not applicable to the Counterclaims.

In *Media Rights Technologies*, the Ninth Circuit stressed that this analysis "does not mean that courts will be forced to continually relitigate copyright infringement claims" because the doctrine of "[i]ssue preclusion bars successive litigation of an issue of fact or law — such as copyright infringement — actually litigated and resolved in a valid court determination essential to the prior judgment." *Media Rights Technologies, Inc.*, 922 F.3d at 1025 (quotations and citations omitted). It is to that doctrine that the Court now turns.

**B. The doctrine of Issue Preclusion bars re-litigation of all issues actually and necessarily litigated in *Brown I*.**

Whether an issue previously adjudicated in federal court may be relitigated in a subsequent federal action is a question of federal law. *Taylor v. Sturgell*, 553 U.S. 880,

891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law"). Under federal law, the doctrine of issue preclusion – sometimes referred to as collateral estoppel[7] – "bars parties from re-litigating issues of either fact or law that were adjudicated in an earlier proceeding." *Vargas-Colón v. Fundación Damas, Inc.*, 864 F.3d 14, 25 (1st Cir. 2017). Where, as here, "there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action[.]" *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994). Those elements are:

> (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment.

*Id*. For the reasons explained below, the Court finds that LAMCO must be precluded from relitigating all issues actually litigated in *Brown I*.

### i. Identicality of the issues

In a claim for copyright infringement, the claimant must establish: "(1) ownership of a valid copyright and (2) copying of the protected work by the alleged infringer." *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 3 (1st Cir. 1996). To prevail on its Counterclaims, therefore, LAMCO must establish that it owns a valid copyright to each of the songs in question. Brown moves the court to apply the doctrine of issue preclusion to that issue. (**ECF No. 47 at 2**).

---

[7] LAMCO argues that Brown has already waived the affirmative defense of "issue preclusion" by failing to raise it in his answer to the Counterclaims. (**ECF No. 51 at 21**). The Court disagrees: Brown expressly invokes "the affirmative defense of res judicata" in his answer. (**ECF No. 25 at 7 ¶ 4**); (**ECF No. 48 at 12 ¶ 4**). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). As the Supreme Court has acknowledged, the numerous existing terms for these doctrines form a "confusing lexicon." *Id*. at 892 n.5. The fact that Brown did not use the magic words "issue preclusion" or "collateral estoppel" in the answer does not mean that the affirmative defense has been waived.

In this case, LAMCO alleges that Brown has committed copyright infringement by creating musical adaptations of poems in which LAMCO has a copyright interest. (**ECF No. 44 at 7 ¶ 3**). The Counterclaims are based on the following songs: *Ahora Me Despido*, *Andando de Noche Sola*, *Ayuburi*, *Boricua en la Luna*, *Día Antes*, *Diana de Guilarte*, *Distancias*, *El Hijo*, *En la Vida Todo Es Ir*, *Inriri Cahuvial*, *Oubau Moin*, *Serenata*, and *Inabón Yunez*. *Id*. In *Brown I*, LAMCO filed a counterclaim alleging that Brown had committed copyright infringement with respect to ten of those songs: *Andando de Noche Sola*, *Ayuburi*, *Boricua en la Luna*, *Día Antes*, *Diana de Guilarte*, *Distancias*, *El Hijo*, *En la Vida Todo Es Ir*, *Inriri Cahuvial*, and *Oubau Moin*. *Brown I*, (**ECF No. 10**). Thus, with the exception of the Counterclaims relating to the songs *Ahora Me Despido*, *Serenata*, and *Inabón Yunez*, the Counterclaims arise from an alleged copyright interest in the same songs involved in *Brown I*. (**ECF No. 44 at 7 ¶ 3**).

As to the ten songs that were involved in each case, the issue presented is identical: whether LAMCO holds a valid copyright interest in those songs. As to the three additional songs not raised in the prior litigation – *Ahora Me Despido*, *Serenata*, and *Inabón Yunez* – issue preclusion does not apply because whether LAMCO holds a valid copyright over those works was not an issue presented in *Brown I*.[8]

---

[8]    Brown argues that, because LAMCO could have raised its claims relating to *Ahora Me Despido*, *Serenata*, and *Inabón Yunez* in the prior litigation, LAMCO should be barred from litigating those claims here. (**ECF No. 47 at 18**). Under the doctrine of claim preclusion, where two causes of action are sufficiently identical or related, a party may be precluded from raising claims it should have raised in prior litigation, even if those claims were never actually litigated. *See Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 15 (1st Cir. 2010). However, as explained above, the doctrine of claim preclusion – as distinct from issue preclusion – is not applicable to the facts of this case. LAMCO's claims arising out of *Ahora Me Despido*, *Serenata*, and *Inabón Yunez* therefore may not be precluded on that basis.

### ii. The issues were actually litigated in *Brown I*.

The issue to which Brown seeks to apply preclusive effect is whether LAMCO owns a valid copyright in the following ten songs: *Andando de Noche Sola*, *Ayuburi*, *Boricua en la Luna*, *Día Antes*, *Diana de Guilarte*, *Distancias*, *El Hijo*, *En la Vida Todo Es Ir*, *Inriri Cahuvial*, and *Oubau Moin*. That issue was necessarily litigated in *Brown I*, as it was an essential element of LAMCO's counterclaims in that case. *Brown I*, (**ECF No. 31 at 6**). Indeed, the court dismissed LAMCO's claims in *Brown I* on the express grounds that LAMCO had failed to provide sufficient evidence of copyright ownership over the works in question. *Id.* at 6–9. LAMCO never contests this point. (**ECF No. 51**).

Moreover, this is not the first instance in which a court has determined that this issue was "actually litigated" in *Brown I*. In 2011, when LAMCO tried again to assert ownership over some of the same works in a different case, the district court dismissed its claims on issue preclusion grounds.[9] *See Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, Civ. No. 07-2254, 2011 WL 1261534, at *4 (D.P.R. Mar. 30, 2011) (dismissing LAMCO's claims as to *Oubao Moin*, *Andando de Noche Sola*, *Boricua en la Luna*, and *En La Vida Todo es Ir* on issue preclusion grounds). That decision was affirmed by the First Circuit, which ruled that the case "plainly satisfie[d] all four elements" of issue preclusion. *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013). That decision is binding precedent.[10] Accordingly, the Court finds that the issue of copyright

---

[9] LAMCO was precluded from relitigating the issue an additional time in 2008. *Banco Popular de Puerto Rico, Inc. v. Latin Am. Music Co.*, No. CV 01-1142, 2008 WL 11357808, at *2 (D.P.R. Oct. 14, 2008) (holding that LAMCO was precluded from arguing that it owned a valid copyright interest in *En La Vida Todo Es Ir* or *Oubao Moin* because those claims were conclusively litigated in *Brown I*).

[10] While *Media Power Group* only required the First Circuit to rule on LAMCO's claims as to *Oubao Moin*, *Andando de Noche Sola*, *Boricua en la Luna*, and *En La Vida Todo es Ir*, LAMCO provides no reason to treat the analysis as to the other six songs adjudicated in *Brown I* any differently. Nor can the Court conceive of any reason to draw such a distinction.

ownership to which Brown seeks to apply preclusive effect was actually litigated in *Brown I*.

### iii. Valid and binding final judgment

The First Circuit has also previously determined that the judgment in *Brown I* was a valid and binding final judgment. *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013). That decision is binding precedent. LAMCO does not contest this point. (**ECF No. 51**). Accordingly, the Court finds that the judgment in *Brown I* constitutes a "valid and binding final judgment."

### iv. Full and fair opportunity to litigate

Due process requires that, "for res judicata to operate, the precluded party must have had a full and fair opportunity to litigate her case in the earlier proceeding." *Cruz v. Melecio*, 204 F.3d 14, 19 (1st Cir. 2000). This standard does not require that the prior judgment be free of all possible defects: "substantive error, even of a constitutional magnitude, will not deprive a procedurally adequate judicial proceeding of res judicata effect." *Cruz v. Melecio*, 204 F.3d 14, 19 (1st Cir. 2000). Instead, "as long as a prior federal court judgment is procured in a manner that satisfies due process concerns, the requisite 'full and fair opportunity' exist[s]." *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 39 (1st Cir. 1998).

The dismissal of LAMCO's claims in *Brown I* was fully consistent with the requirements of due process. In that case, Brown filed a Motion for Summary Judgment in which he argued that LAMCO had failed to establish that it possessed a valid copyright interest in the relevant works. *Brown I*, (**ECF No. 20 at 2**). LAMCO was therefore on notice of the potential grounds for dismissal and had the opportunity to oppose Brown's request for summary judgment: the district court granted summary judgment and

dismissed LAMCO's counterclaims only after the parties had fully briefed the issues and were afforded an opportunity to present all relevant evidence. *Brown I,* (**ECF Nos. 27, 31**). Furthermore, these proceedings took place after all discovery had already been completed. *Brown I*, (**ECF No. 12**). *See Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir. 1996) (summary judgment may be granted where the court "ensure[s] that the targeted party has an adequate opportunity to dodge the bullet[,]" which means that discovery must be "sufficiently advanced" and the party facing dismissal must receive "appropriate notice and a chance to present its evidence on the essential elements of the claim").[11] The district court also adjudicated LAMCO's subsequent motion for reconsideration, *Brown I,* (**ECF No. 41**), and LAMCO had a full and fair opportunity to appeal the judgment. *Id.*, (**ECF No. 55**); *see also In re Kane*, 254 F.3d 325, 329 (1st Cir. 2001) ("The purpose of issue preclusion doctrine is to prevent a party from relitigating an issue where there has been full and fair litigation, including an opportunity to appeal").

---

[11] LAMCO now characterizes summary judgment in *Brown I* as a "sua sponte dismissal." (**ECF No. 27 at 16**). That is not an accurate description of the record. "Sua sponte" is a Latin phrase meaning "of the [adjudicator's] own accord[.]" *Hoolahan v. IBC Advanced Alloys Corp.*, 947 F.3d 101, 114 (1st Cir. 2020). A sua sponte dismissal is thus one in which a court grants dismissal without ever having been moved to do so. *See, e.g., Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 24 (1st Cir. 1996) (describing a sua sponte dismissal as a "spontaneous entry of judgment"). Prior to the entry of judgment in *Brown I*, Brown filed a Motion for Summary Judgment. *Brown I,* (**ECF No. 20**). That motion argued that LAMCO had not established ownership of a valid copyright. *Id.* at 2. The opinion and order granting summary judgment was therefore not a "sua sponte" judgment. And even if it were, summary judgment may properly be granted sua sponte where the court "ensure[s] that the targeted party has an adequate opportunity to dodge the bullet." *Berkovitz*, 89 F.3d at 29. As noted above, an adequate opportunity in this context means that discovery must be "sufficiently advanced" and that the party facing dismissal be granted "appropriate notice and a chance to present its evidence on the essential elements of the claim[.]" *Id.* Brown filed the motion for summary judgment in *Brown I* after the close of discovery. *Brown I,* (**ECF No. 12**), (**ECF No. 20**). Before judgment was entered, LAMCO had an opportunity to file its opposition to summary judgment, in which it attempted to provide requisite support for the elements of its counterclaims. *Brown I,* (**ECF No. 27**). As the claimant, LAMCO had the burden to produce sufficient evidence to support its claims. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (a claimant "bears the burden of producing specific facts sufficient to" defeat summary judgment) (internal quotations and citation omitted). Finding that LAMCO had failed to provide adequate evidentiary support to raise a genuine dispute of material fact as to an essential element of its claims, the district court dismissed LAMCO's counterclaims. *Brown I,* (**ECF No. 31**).

The Court therefore finds that dismissal of LAMCO's claims in *Brown I* was consistent with due process.

Indeed, the First Circuit has already held that LAMCO had a full and fair opportunity to litigate its claims in *Brown I*. See *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013). In that ruling, the First Circuit held that the case "plainly satisfie[d] all four elements" of issue preclusion. *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013). As previously noted, that decision is binding precedent.[12] The Court therefore concludes that LAMCO had a full and fair opportunity to litigate its claims in *Brown I*. S*ee also Banco Popular de Puerto Rico, Inc. v. Latin Am. Music Co.*, Civ. No. 01-1142, 2008 WL 11357808, at *2 (D.P.R. Oct. 14, 2008) (granting motion to dismiss claims filed by LAMCO as to the songs *En La Vida Todo Es Ir* and *Oubao Moin* on issue preclusion grounds).

> **v. LAMCO has failed to introduce new evidence that renders the doctrine of issue preclusion inapplicable.**

Even when the four essential elements of issue preclusion have been satisfied, under rare "special circumstances" the doctrine may nevertheless be inapplicable: LAMCO invokes the narrow exception that "changes in facts essential to a judgment will render [issue preclusion] inapplicable in a subsequent action raising the same issues." *Montana v. United States*, 440 U.S. 147, 158–159 (1979). Crucially, "a party cannot circumvent the doctrine's preclusive effect merely by presenting additional evidence that was available to it at the time of the first action." *Latin Am. Music Co. Inc. v. Media Power Grp.*, Inc., 705 F.3d 34, 42 (1st Cir. 2013) (citations and quotations omitted). Moreover,

---

[12] Once again, while the Court notes that *Media Power Group* only required the First Circuit to rule on LAMCO's claims as to "Oubao Moin," "Andando de Noche Sola," "Boricua en la Luna," and "En La Vida Todo es Ir", LAMCO provides no reason to believe that this analysis should differ as to the other songs adjudicated by *Brown I*. Instead, LAMCO's arguments apply broadly to each song adjudicated in *Brown I*.

the new evidence must result in "significant changes to the controlling facts" to displace the doctrine of issue preclusion. *Montana*, 440 U.S. at 157–162.

LAMCO submits four evidentiary exhibits relevant to the issue of copyright ownership. (**ECF No. 23-1–4**). The first two exhibits, each a certificate issued by the U.S. Copyright Office, were previously presented to the district court in *Brown I*. *Compare* (**ECF No. 23-1–2**) *with Brown I*, (**ECF No. 10-2, 36-2**). The third exhibit is a certificate of registration issued by the U.S. Copyright Office, dated July 8, 2005. (**ECF No. 23-3**). The certificate was thus created ten days before LAMCO filed its claims in *Brown I*. *Brown I*, (**ECF No. 10**). Such previously available documents do not constitute "new" evidence. *See Media Power Grp.*, Inc., 705 F.3d at 42.

The fourth exhibit is an additional certificate of registration issued by the U.S. Copyright Office. (**ECF No. 23-4**). This certificate, which was issued in 2008, records LAMCO's alleged interest in the poetry collection *Yerba Bruja* and all poems published therein. *Id*. While this document was not available at the time of *Brown I*,[13] the Court does not find that it constitutes a "significant change" to the controlling facts of the case. LAMCO alleges that it purchased a copyright interest in the relevant works in 1999, six years before it filed the counterclaims in *Brown I*. (**ECF No. 23 at 9 ¶ 15**). Each of the ten songs litigated in *Brown I* already appeared in a certificate of registration created in February 2000 and presented to the district court in *Brown I*,[14] (**ECF No. 23-2**), and

---

[13]    The Court notes that the certificate was available at the time that *Latin Am. Music Co. Inc. v. Media Power Group* was litigated. Civ. No. 07-2254, 2011 WL 1261534, at *4 (D.P.R. Mar. 30, 2011). The certificate includes the songs *En La Vida Todo Es Ir* and *Andando de Noche Sola*, both of which were at issue in *Media Power Group*. *Id*. The certificate therefore does not constitute "new" evidence at all, since it was available at the time of a previous case in which LAMCO argued that the issues litigated in *Brown I* should not carry preclusive effect. *See Media Power Grp.*, Inc., 705 F.3d at 42 (stating that "a party cannot circumvent the doctrine's preclusive effect merely by presenting additional evidence that was available to it at the time of the first action.").

[14]    The "new" certificate of registration presented in this case, (**ECF No. 23-4**), includes no songs relevant to the instant litigation that were not included in the certificate of registration presented to the

*Yerba Bruja* was originally published years earlier, in 1992. (**ECF No. 23-4**). LAMCO never explains why a certificate of registration created 8 years after it allegedly purchased the Corretjer works – and decades after they were originally published – constitutes a "significant change" to the controlling facts. Controlling precedent points to the opposite conclusion: when LAMCO previously attempted to re-litigate the issues resolved in *Brown I*, it argued there too that the doctrine of issue preclusion was inapplicable in light of "new evidence" of the assignment contract by which it allegedly obtained ownership of the relevant works from the heirs of Corretjer. *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013). The First Circuit held that the assignment contract "did not signal a change in facts essential to the judgment." *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013). The same logic must apply here: if the assignment contract did not "signal a change in facts essential to the judgment", neither does a certificate of registration that includes no additional information beyond that which was previously presented to the courts in *Brown I* and *Media Power Group*. A contrary ruling would be inconsistent with the purposes of res judicata, which exists to "prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications." *Micheo Acevedo v. Stericycle of Puerto Rico, Inc.*, Civ. No. 19-1652, 2020 WL 1126168, at *1 n.1 (D.P.R. Mar. 6, 2020)). Accordingly, the Court rejects LAMCO's argument that "new evidence" renders the doctrine of issue preclusion inapplicable.

## V.     Conclusion

---

court in *Brown I*.

For the reasons set forth above, Brown's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. With respect to LAMCO's Counterclaims arising from the songs *Ahora Me Despido*, *Serenata*, and *Inabón Yunez*, the Motion to Dismiss is **DENIED**. (**ECF No. 44 at 7 ¶ 3**). With respect to LAMCO's Counterclaims arising from the songs *Andando de Noche Sola*, *Ayuburi, Boricua en la Luna*, *Día Antes*, *Diana de Guilarte*, *Distancias*, *El Hijo*, *En la Vida Todo Es Ir*, *Inriri Cahuvial*, and *Oubau Moin,* the Motion to Dismiss is **GRANTED** and those claims are dismissed with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December, 2025.

*s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**