**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ROY BROWN**,
Plaintiff,

v.

**LATIN AMERICAN MUSIC CO.**,
Defendant.

**CIVIL CASE NO.**: 3:24-cv-01523 (MAJ)

**DECLARATION OF CONSUELO CORRETJER IN SUPPORT OF COUNTERCLAIM-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

CONSUELO CORRETJER, being duly sworn, deposes and says:

1. I am the daughter of the late poet Juan Antonio Corretjer and am a counterclaim-plaintiff in the above-captioned matter.

2. I submit this declaration in support of counterclaim-plaintiffs' motion for summary judgment on their claims for copyright infringement against plaintiff/counterclaim-defendant Roy Brown ("Brown") based on my personal knowledge of the facts stated herein, to the best of my recollection, and could competently testify to the same.

3. I was personally involved with my filing of the applications to register copyright in the Corretjer poem titled *Boricua en la Luna*. Specifically, Zuheily Colón, the LAMCO employee who oversaw filings with the U.S. Copyright Office and who assisted with filing my application to register *Boricua en la Luna*, interviewed me prior to submitting the application and used the information she gathered from me in the application.

4. Attached hereto as Exhibit A is a true and correct copy of the Registration (No. PA 2-299-059), which was produced by LAMCO in discovery (LAMCO000117). Exhibit A is a publicly filed document with the U.S. Copyright Office. I worked with LAMCO to file the

application for Exhibit A in the ordinary course of LAMCO's business, and to the best of my knowledge, Exhibit A is kept in LAMCO's files in the ordinary course of business. As noted above, I am personally familiar with the Registration.

5. I am aware now that there are errors pertaining to date of completion and date of first publication in Exhibit A.

6. The errors in the Registrations were not included knowingly. At the time I applied for the Registration, I believed the information to be accurate. I previously believed—based on a 2020 interview with Brown—that *Boricua en la Luna* was completed in 1981 rather than 1980. I also believed that Brown's unauthorized publication of the musical version of *Boricua en la Luna* constituted the date of first publication for purposes of the application to register the copyright. I now understand the foregoing to have been incorrect.

7. During the past several years I have concentrated on researching and publishing my father's oeuvre. Previously, my understanding of Brown's position was that my father gave him permission to record musical versions of my father's poems. It was not until Brown started claiming he never needed my father's permission because his poems are "in the public domain," that I realized his narratives were incorrect.

8. I did not assign the copyright interests I inherited from my father to LAMCO or anyone else.

9. Along with LAMCO and my counsel, I am currently investigating how best to fix the errors in the Registration by way of supplemental registrations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2026

Consuelo Corretjer