**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ROY BROWN**,
Plaintiff,

v.

**LATIN AMERICAN MUSIC CO.**,
Defendant.

**CIVIL CASE NO.**: 3:24-cv-01523 (MAJ)

**COUNTERCLAIM-PLAINTIFFS' RESPONSE TO BROWN'S RESPONSE TO - COUNTERCLAIM-PLAINTIFFS' SUR-REPLY (DKT. NO. 97-1)**

TO THE HONORABLE COURT: Comes now Defendant/Counterclaim-Plaintiff Latin American Music Co. ("LAMCO") and Counterclaim-Plaintiff Consuelo Corretjer ("Consuelo", collectively with LAMCO, "Counterclaim-Plaintiffs") through the undersigned attorneys, and respectfully state and pray as follows:

**ARGUMENT**

Counterclaim-Plaintiffs briefly respond to Brown's response to their sur-reply (the "Sur-sur-Reply"), which the Court permitted to be filed on March 17, 2026 (Dkt. No. 98). In it, Brown continues to blatantly mischaracterize Counterclaim-Plaintiffs' arguments and the law.

As an initial matter, and as Counterclaim-Plaintiffs have asserted throughout their briefing, Brown has utterly failed to demonstrate the existence of a license covering his uses of *Boricua en la Luna*, as is his burden. (Dkt. No. 80, at 15-24.) For this reason alone, the derivative works exception that Brown seeks to invoke is inapplicable. While Brown has now latched onto Counterclaim-Plaintiffs' *alternative* argument that any license would have been terminated, the

point still stands that Brown never had a license to begin with.

With respect to Counterclaim-Plaintiffs' *alternative* argument, Brown cannot meaningfully dispute that if he did have a license, that license was revocable, and in fact was revoked by Consuelo. Instead, Brown continues to assert, without any support, that even if the license was revoked, Brown can continue to use *Boricua en la Luna* unfettered. Brown is simply wrong.

*First*, it is irrelevant when the purported grant occurred, because statutory termination is simply inapplicable. Accordingly, any dispute over when the grant would have occurred is immaterial for purposes of summary judgment.

*Second*, Brown's bald assertion that the derivative works exception "does not depend on the procedural mechanics of termination" (Sur-sur-reply, at 2) ignores the basic framework of the Copyright Act. The so-called "derivative works exception," is expressly set forth as a Congressional carve-out by way of a ***subsection*** to the *statutory* termination right. *See* 17 U.S.C. §§ 203(b)(1) & 304(c)(6)(A); *see also 289 Kilvert, LLC v. SBC Tower Holdings LLC*, 133 F.4th 1, 5 (1st Cir. 2025) (noting that the words of a statute are read "in their context"); *U.S. v. Miller*, 604 U.S. 518, (2025) (same). This plain reading is supported by the legislative history which describes the derivative works exception as a "limitation" on an author's ***statutory termination right***. H.R. Rep. 94-1476, at 125-126. The derivative work exception is clearly intended to apply in circumstances where an author exercises their statutory termination right, which is definitively not the case here.

*Third*, Brown provides no authority to the contrary. He cites to *Mills Music, Inc. v. Snyder*, 469 U.S. 153 (1985), but this case that has nothing to do with whether the derivative works exception applies to licenses revoked under state contract law. The Supreme Court there specifically considered the scope of the derivative works exception ***in the context of a grant of***

***rights that was terminated pursuant to 17 U.S.C. § 304(c).*** *Id.* at 156 (referring to the so-called 'derivative works exception' . . . to the 'termination of transfer and licenses' provisions found in § 304(c))." *Mills Music* does not support Brown's argument because if a license existed, it was revocable for lack of consideration and was in fact revoked. Contract law governs in this instance, not the termination provisions set forth in 17 U.S.C. §§ 203 or 304. *See Sarvis v. Polyvore, Inc.*, 2015 WL 59334759, at *11 (D. Mass. Aug. 24, 2015) (transfers of copyright are governed by state contract law).

*Fourth*, even if the derivative work exception applied, *Brown* fails to rebut *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17 (2d Cir. 1998). Brown, once again, resorts to mischaracterization of the law, when he suggests, without authority, that the statute "preserves the continued utilization of [a derivative work] according to the arrangements governing its exploitation." (Sur-sur-reply, at 4.) But a derivative work can only be utilized "under the terms of the grant," 17 U.S.C. §§ 203(b)(1), 304(c)(6)(A), not under whatever unwritten and unspoken arrangements Brown claims to have had.

At bottom, Brown's belief that he can freely utilize *Boricua en la Luna* is wholly unsupportable.

Dated: New York, New York
March 20, 2026

Respectfully Submitted,

**COWAN DEBAETS ABRAHAMS & SHEPPARD, LLP**
*/s/ Scott J. Sholder*
Scott J. Sholder *(admitted pro hac vice)*
60 Broad Street, 30th Floor New York, New York 10004
Telephone: (212) 974-7474
Fax: (212) 974-8474
ssholder@cdas.com

**DMR Law**
Javier Micheo Marcial
USDC-PR No. 305310
Capital Center Building
239 Arterial Hostos Avenue
South Tower – Suite 1101
Hato Rey, P.R. 00918
787-331-9970 / 786-710-8138
j.micheo@dmrpr.com

*Attorneys for Counterclaim-Plaintiffs*